9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James Henry PATTON Michael Morrow, and Larry Hallback,
Respondents/Appellants.
 Nos. 93-5271, 93-5272, 93-5310.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1993.
 
 Before: MERRITT, Chief Judge; LIVELY, Senior Circuit Judge and JOHNSTONE District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 These cases all arise from the robbery of the Tri-County National Bank in Corbin, Kentucky on October 15, 1992. The defendants each pled guilty to some role in the robbery. On appeal their challenges are limited to issues arising from the computation of their sentences. We affirm the sentences imposed by the district court.
 
 I.
 
 2
 On October 15, 1992, defendants Morrow and Patton entered the Tri-County National Bank carrying handguns, and demanded money from the tellers. They then ran out of the bank, got into the car being driven by defendant Hallback and sped away from the scene. The police caught up with the car a few miles away and a high speed chase ensued. Officers testified that one of the three defendants brandished a gun out the window of their car during this chase. The defendants were eventually apprehended when an officer shot out one of the tires on their car.
 
 
 3
 All three defendants pled guilty to the robbery. In addition, defendants Patton and Morrow pled guilty to use of firearms in commission of a felony. The defendants were sentenced for the crime on February 16 and final judgment was entered on February 22, 1993. Defendant Patton was sentenced to a total of 101 months, 41 months on the robbery charge, and a mandatory sentence of 60 months on the firearms count. Defendant Morrow was sentenced to a total of 111 months, the same mandatory sentence on the weapons charge, and 51 months on the robbery charge. The defendant Hallback was sentenced to a total prison term of 90 months on the robbery count alone.
 
 
 4
 All of the issues raised by the defendants relate to the application of certain enhancements and the failure to apply certain reductions to the "base offense level" under the United States Sentencing Guidelines. We review the factual findings underlying the district court's application of the Guidelines for clear error, and the determination whether those facts warrant application of a particular Guidelines section de novo. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991).
 
 II.
 
 5
 Defendants Morrow and Patton both argue that the district court erred in enhancing their sentences for reckless endangerment in fleeing the scene of the robbery. United States Sentencing Guidelines Sec. 3C1.2 provides:
 
 
 6
 If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.
 
 
 7
 Morrow and Patton claim that application of this enhancement to all three defendants was error because they were neither driving the car nor controlling Hallback's driving. However, U.S.S.G. Sec. 1B1.3 outlines certain "relevant conduct" which may be considered in determining the offense level, including:
 
 
 8
 (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.
 
 
 9
 Guidelines Sec. 1B1.3(a)(1)(B) (emphasis added).
 
 
 10
 It is clear that all three defendants played a part in what can only be described as a joint effort to rob the bank. Morrow and Patton robbed the bank and then ran to the car. It is reasonably foreseeable that Hallback would want to leave the scene quickly. In addition, Morrow allegedly told Hallback to "get going," and when they were spotted by police told him to "Go!" Once the authorities caught up to the defendants it was within the foreseeable risks that Hallback would travel at dangerously high speeds to elude capture. Therefore, the conduct of Hallback can be imputed to the other two under this provision.
 
 III.
 
 11
 Defendant Hallback's argument that his sentence should not have been enhanced for brandishing a firearm during the commission of a felony also fails under the relevant conduct provision. Hallback's sentence was enhanced under U.S.S.G. Sec. 2B3.1(b)(2) which provides for an increase in the offense level for robbery by 5 levels "if a firearm was brandished, displayed, or possessed" by the defendant. He insists this enhancement should not have been applied because there was no evidence that he ever carried a gun. As discussed above however, under Sec. 1B1.3 of the guidelines, reasonably foreseeable acts in furtherance of a joint criminal enterprise can be imputed to all involved even if conspiracy is not charged. Therefore the only question is whether the brandishing of weapons was reasonably foreseeable by Hallback.
 
 
 12
 Hallback insists that he did not know about the robbery until Morrow and Patton exited the bank, but the factfinder could reasonably infer from the facts that he knew of the robbery and the way it would be carried out. If the factfinder believed that Hallback had no advance warning of the robbery he could not have foreseen the use of guns in that robbery. However, in this case, three officers stated that they saw someone in the car point a firearm out the window during the chase. Hallback could have foreseen that one of his co-defendants would attempt to use firepower in addition to speed to elude authorities. Under these circumstances then, application of the enhancement is appropriate. United States v. James, 998 F.2d 74, 83 (2d Cir.1993).
 
 IV.
 
 13
 Defendants Morrow and Hallback both insist they are entitled to a three point reduction in their offense level for acceptance of responsibility. Under the 1992 edition of the Guidelines, a defendant whose base offense level is 16 or greater may receive a three level reduction for acceptance of responsibility rather than the usual two levels if:
 
 
 14
 He "has assisted authorities in the investigation or prosecution of his own misconduct by....
 
 
 15
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 16
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.
 
 
 17
 U.S.S.G. Sec. 3E1.1(b).
 
 
 18
 The district court has broad discretion in administering this Guideline and we find no abuse of discretion.
 
 V.
 
 19
 Finally, defendant Morrow argues that his sentence should not have been enhanced on the finding that he played a leadership role in the offense. When reviewing the district court's factual findings underlying application of the guidelines, the standard of review is clear error. United States v. Williams, 962 F.2d 1218 (6th Cir.) cert. denied 113 S.Ct. 264 (1992). There are several facts surrounding this incident that could have led the district court to infer that Mr. Morrow was the leader of the group.
 
 
 20
 It is uncontested that the defendants were driving Morrow's car. It was Morrow's idea to rob the bank. Morrow was the first one to enter the bank. He was the first to demand money. There is also some evidence in the record to support findings that Morrow owned both guns used in the robbery. Morrow told Patton to come with him into the bank, and he told Hallback to "get going" when he got into the car. He told Hallback to continue to drive after they were spotted by police. In light of these facts and the reasonable inferences which may be drawn from them, the district court's decision that Mr. Morrow was the leader is not clearly erroneous.
 
 VI.
 
 21
 For the foregoing reasons we AFFIRM the district court's computation of the sentence of each of the three defendants.
 
 
 
 *
 The Honorable Edward Johnstone, United States District Judge for the Western District of Kentucky sitting by designation